**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles E. CLYBURN, Defendant–Appellant.**

No. 93–5234.

United States Court of Appeals, Fourth Circuit.

Argued March 11, 1994.

Decided May 18, 1994.

**ARGUED:** Parks Nolan Small, Federal Public Defender, Columbia, SC, for appellant. Robert Claude Jendron, Jr., Asst. U.S. Atty., Columbia, SC, for appellee. **ON BRIEF:** J. Preston Strom, Jr., U.S. Atty., Adelaide D. Kline, Third Year Law Student, Columbia, SC, for appellee.

Before WILKINSON and WILLIAMS, Circuit Judges, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Judge WILLIAMS and Judge BRINKEMA joined.

## OPINION

WILKINSON, Circuit Judge:

This case presents the question of whether evidence seized under a state search warrant must be suppressed in a federal prosecution because the affidavit supporting the warrant was supplemented with sworn, unrecorded oral testimony. We hold that the validity of a search warrant obtained by state officers is to be tested by the requirements of the Fourth Amendment of the U.S. Constitution, not by state law standards, when the admissibility of evidence in federal court is at issue. Because the Fourth Amendment does not forbid supplementation of written warrant affidavits with sworn, unrecorded oral testimony, we hold that the evidence obtained here met the requirements of admissibility, and affirm the district court's refusal to suppress it.

### I.

In April 1992, a confidential informant contacted Sergeant Anthony Dennis, a narcotics officer at the Sumter County, South Carolina Police Department. The informant—who was incarcerated in a local jail for shoplifting charges at the time—advised Dennis that defendant Charles Clyburn was selling drugs, and that she could make a drug purchase from Clyburn. Sergeant Dennis requested a bond for the informant's release so that she could aid in the investigation of Clyburn's activities. Upon release, the infor-

mant telephoned Clyburn from Sergeant Dennis' office, set up a meeting at Clyburn's home, and made a controlled purchase of crack cocaine from Clyburn during that meeting.[1]

On April 24, 1992, the day following the controlled purchase, Sergeant Dennis prepared a search warrant for Clyburn's house. Later that afternoon, Sergeant Dennis met with Sumter County Magistrate William Sanders to have the warrant approved. At the meeting, Sergeant Dennis presented his affidavit stating that

> a confidential and reliable informant known to this affiant has stated to this affiant that he/she has seen a quantity of crack cocaine in the residence within the past 72 hours.

In order to establish the reliability of the informant, Magistrate Sanders took sworn testimony from Sergeant Dennis, who testified that the informant had made a controlled purchase of crack cocaine at Clyburn's house on the previous day. Sergeant Dennis indicated that he omitted this information from his written affidavit in order to protect the identity of the informant. The magistrate determined that probable cause existed to issue the search warrant, and signed the warrant authorizing a search of Clyburn's house for crack cocaine, U.S. currency, and other drug-related paraphernalia.

Using the same confidential informant, Sergeant Dennis made controlled buys of crack cocaine from Clyburn on Monday, April 27, 1992, and again on Friday, May 1, 1992. On that Friday, Sergeant Dennis executed the search warrant and discovered 231 grams of powder cocaine, 214 grams of crack cocaine, 34 grams of marijuana, $19,500 in cash, a .32 caliber revolver, and a .38 caliber revolver. Following the search, the case was turned over to federal law enforcement agents for prosecution.

In June 1992, a federal grand jury returned a seven-count indictment charging Clyburn with various drug-related offenses. Clyburn filed a motion to suppress the evidence uncovered by Sergeant Dennis on the ground that it was the product of an illegal search and seizure violating the Fourth Amendment of the U.S. Constitution and Article I, § 10 of the South Carolina Constitution. Specifically, Clyburn argued that the magistrate's consideration of sworn oral testimony supplementing the written warrant affidavit violated both state and federal law. After holding a suppression hearing and considering the testimony of Sergeant Dennis and Magistrate Sanders, the district court held that sworn oral testimony may permissibly supplement a written affidavit under both state and federal law, and that probable cause existed to support the issuance of the search warrant here, 806 F.Supp. 1247.

A jury subsequently found Clyburn guilty of all seven counts charged in the indictment. The district court sentenced Clyburn to 211 months imprisonment and five years of supervised release, and ordered him to pay a $350 special assessment fine.

Clyburn now appeals.

## II.

Clyburn contends that the evidence obtained pursuant to the search warrant should have been excluded because Magistrate Sanders improperly considered Sergeant Dennis' unrecorded oral testimony in making the probable cause determination. Clyburn advances two alternate bases to support this view. First, Clyburn claims that Federal Rule of Criminal Procedure 41(c) prohibits the consideration of unrecorded oral testimony in making a probable cause determination. Second, Clyburn argues that South Carolina law requires that all relevant information be contained in a written search warrant affidavit. Because the search warrant procedure here violated both federal and state law, Clyburn argues, the search warrant was invalid.

---

1. The district court noted that a controlled purchase involves the following procedure: law enforcement officers search the informant to make sure that she does not have any illegal narcotics before the purchase; officers provide the informant with marked bills with which to purchase the drugs; officers place a body wire on the informant and monitor all conversations during the purchase; the informant is placed under visual surveillance during the purchase; and the informant turns over the contraband to the officers immediately after the purchase.

■ The flaw in Clyburn's argument is that the Fourth Amendment, not federal rules or state law, governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution. First, Federal Rule of Criminal Procedure 41 does not control this case. Rule 41 does require that all information demonstrating probable cause be included in a written affidavit, *see* FED.R.CRIM.P. 41(c)(1), or in sworn and recorded oral testimony, *see* FED. R.CRIM.P. 41(c)(2). However, by its own terms, Rule 41 applies only to federal search warrants involving "a federal law enforcement officer." FED.R.CRIM.P. 41(a); *see also United States v. Shields*, 978 F.2d 943, 946 (6th Cir.1992). Accordingly, a warrant proceeding must meet the particulars of Rule 41 only where "the warrant application was made 'at the direction or urging of a federal officer.'" *United States v. Williams*, 977 F.2d 866, 870 (4th Cir.1992) (quoting *United States v. Smith*, 914 F.2d 565, 569 (4th Cir. 1990)). In this case, a local narcotics officer involved in a local investigation requested and received a warrant from a Sumter County magistrate. No federal officers became involved in this case until after the search warrant had been executed. Therefore, the procedural requirements of Rule 41 are not applicable.

■ Clyburn's reliance on state constitutional requirements is also misplaced. Although this circuit has not previously addressed the issue, the general rule in other circuits is that "evidence admissible under federal law cannot be excluded because it would be inadmissible under state law." *United States v. Pforzheimer*, 826 F.2d 200, 204 (2d Cir.1987) (noting that seven circuits have held that federal, not state, law controls the admissibility of evidence in federal court). The federal inquiry has not turned on whether a state officer violated state law in securing probative evidence. *See United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir.1994); *United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir.1993); *United States v. Singer*, 943 F.2d 758, 761 (7th Cir.1991). Rather, the proper standard for evaluating illegal search and seizure claims in federal courts has uniformly been "whether the actions of the state officials in securing the evidence violated the

Fourth Amendment to the United States Constitution." *United States v. Eastland*, 989 F.2d 760, 766 (5th Cir.1993) (quoting *United States v. Walker*, 960 F.2d 409, 415 (5th Cir.1992)); *see also Wright*, 16 F.3d at 1437; *United States v. Mitchell*, 783 F.2d 971, 973–74 (10th Cir.1986).

■ We are persuaded that the position taken by the other circuit courts is a sound one. The case before us involves federal criminal charges brought by federal prosecutors, heard by a federal judge, and tried in a federal court. Importing the particularized requirements of state standards into this federal proceeding would "undermine the policy favoring uniformity of federal evidentiary standards," *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1374 (9th Cir.1987), and would make the "results of federal prosecutions ... depend on the fortuity of the defendant's being arrested in one state or another." *Wright*, 16 F.3d at 1437. Moreover, states simply lack the power to impose on federal courts requirements stricter than those mandated by the federal Constitution, thereby "hamper[ing] the enforcement of valid federal laws by rendering relevant and reliable evidence unavailable." *Chavez–Vernaza*, 844 F.2d at 1374; *see also United States v. Combs*, 672 F.2d 574, 578 (6th Cir. 1982). The importance of applying only federal standards is especially pronounced in cases involving illegal search and seizure claims because the exclusionary rule for such claims was created to deter violations of federal constitutional law, not violations of state law. *See Wright*, 16 F.3d at 1437; *Eastland*, 989 F.2d at 765. Finally, any contention that state officials may use a federal prosecution to evade the requirements of state law neglects the fact that the conduct of state officials remains subject to the safeguards of the Fourth Amendment—safeguards that are enforced through both the exclusionary rule and the prospect of a civil action for the deprivation of constitutional rights under 42 U.S.C. § 1983. Therefore, we conclude that the Fourth Amendment provides the only proper standard for determining whether ev-

idence seized by state officials pursuant to a state warrant is admissible in federal court.[2]

### III.

■ Having decided that the Fourth Amendment must govern our inquiry into the admissibility of the evidence in this case, we now examine the validity of the search warrant under that standard. The Warrant Clause of the Fourth Amendment requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a "particular[ ] descri[ption of] the place to be searched, and the persons or things to be seized," and (3) be based "upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV; *see Dalia v. United States*, 441 U.S. 238, 255, 99 S.Ct. 1682, 1692, 60 L.Ed.2d 177 (1979). Clyburn does not seriously dispute, nor could he, that the first two requirements of this clause were met: Magistrate Sanders acted as a neutral and detached magistrate in issuing the search warrant,[3] and the warrant contained a sufficiently detailed description of Clyburn's house and of the drug-related items to be seized. Clyburn does argue, however, that the probable cause requirement was not met. According to Clyburn, Magistrate Sanders committed constitutional error by relying on unrecorded oral testimony in making his probable cause determination. Because the written affidavit alone was plainly insufficient to establish probable cause, Clyburn contends that the warrant was invalid.

■ We disagree. The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by "Oath or affirmation." U.S. CONST. amend. IV. Moreover, the Amendment does not "require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit." *Shields*, 978 F.2d at 946. It follows that magistrates may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings, *see id.*; *United States v. Hill*, 500 F.2d 315, 321 (5th Cir.1974); *United States ex rel. Gaugler v. Brierley*, 477 F.2d 516, 522 (3d Cir.1973); *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir.1971), and that Sergeant Dennis' oral testimony could properly inform Magistrate Sanders' decision to issue a warrant in this case.

■ A review of Sergeant Dennis' written affidavit and sworn oral testimony given before Magistrate Sanders reveals that probable cause existed to support the issuance of a search warrant for Clyburn's house. In making a probable cause determination, a magistrate must use a "totality-of-the-circumstances analysis" that considers the informant's reliability and the basis of the informant's knowledge. *See Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 2329–30, 76 L.Ed.2d 527 (1983). Furthermore, a "magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Id.* at 236, 103 S.Ct. at 2331 (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969)).

■ Here, Sergeant Dennis submitted a barebones written affidavit stating that a reliable informant had seen crack cocaine in Clyburn's house. His oral testimony substantially elaborated on the facts provided by the affidavit; specifically, that testimony es-

---

2. The government argues that Clyburn's state law arguments should be rejected because (1) South Carolina permits warrant affidavits to be supplemented by oral testimony, *see State v. McKnight*, 291 S.C. 110, 352 S.E.2d 471, 472 (1987), and (2) Clyburn cannot demonstrate that he was prejudiced by the magistrate's failure to comply with state record-keeping requirements. Because we hold that state law does not govern the admissibility of evidence in federal court, we have no occasion to address these state law issues.

3. Clyburn contends that Magistrate Sanders may not have been neutral and detached because he had previously arranged for the informant to be released on bond so that she could aid Sergeant Dennis in the Clyburn investigation. However, as the district court noted, "arranging for a prisoner to be released from jail on bond is clearly a judicial function routinely performed by state judges." We agree with that court that Clyburn's argument is meritless.

tablished that the informant had not only seen drugs at Clyburn's house but had personally made a controlled purchase of crack cocaine at that house only the day before. Although the informant's reliability initially was questionable due to her incarceration, Sergeant Dennis verified the informant's allegations by setting up and monitoring controlled purchases of cocaine. *See United States v. Allen,* 960 F.2d 1055, 1057 (D.C.Cir. 1992) (holding that an informant's controlled buy of crack cocaine constituted probable cause for issuance of a search warrant); *United States v. Martin,* 920 F.2d 393, 398 (6th Cir.1990) (rejecting defendant's claim that the informant was unreliable on the ground that the informant's charges had been verified through a controlled buy of cocaine). These facts plainly established a "fair probability" that illegal narcotics would be found in Clyburn's house, *see Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d 527, and accordingly supported the magistrate's finding of probable cause.

### IV.

■ Our conclusion that the district court did not err in admitting this evidence is not intended to encourage the means used to obtain it. Although the Fourth Amendment does not prohibit the use of sworn, unrecorded oral testimony, it should be obvious that the presentation of written affidavits or recorded testimony provides a preferable way of securing a search warrant. Including all relevant information in an affidavit may spare the issuing magistrate and investigating officer from testifying at a later suppression hearing, and will also provide a more reliable record for the reviewing court. The fact that a procedure is not preferable does not, however, invariably render it impermissible. Here, the officers conformed to the commands of the Fourth Amendment, and the judgment of the district court admitting the evidence is therefore

*AFFIRMED.*