**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 98-4098

ANTONIO ARCHIE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-97-640-3)

Submitted: November 17, 1998

Decided: December 4, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  J. Rene Josey, United States Attorney, Jane
B. Taylor, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Archie appeals from his conviction of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (1994), for which he was sentenced to 190 months imprisonment. Archie's only claim on appeal is that the district court erred in denying his motion to suppress evidence seized from his home because the state search warrant lacked sufficient probable cause. For the reasons that follow, we affirm.

In February 1996, officers of the Sumter County narcotics unit executed a state search warrant on Archie's residence and seized, among other items, 119.89 grams of crack cocaine, $11,644 in U.S. currency, firearms, ammunition, a police scanner, and two bulletproof vests. The affidavit presented to the magistrate in support of the application for the search warrant stated that a confidential informant had been cooperating with officials since May 1995, when he was arrested for drug trafficking, and that he had provided law enforcement with information concerning his involvement and the involvement of others in a drug trafficking conspiracy. Specifically, the informant alleged that Archie and others sold crack at a residence on McCray's Mill Road and that Archie stored the drugs and proceeds at his residence on Carolina Avenue. The affidavit further stated that the informant had seen large quantities of crack cocaine and cash at Archie's residence on approximately fifteen different occasions, although it did not specify the time frame.

At the suppression hearing, the officers conducting the investigation testified that they had supplemented the written affidavit with sworn oral testimony before the magistrate. The agents told the magistrate that Archie had been seen a number of times at the McCray's Mill Road address, once during an undercover purchase of crack from another individual, and that the informant's information concerning

2

the location of drugs and proceeds was consistent with their failure to find any drugs or money at the McCray's Mill Road residence during the execution of a prior search warrant.

Based on the written affidavit as supplemented by the officers' oral testimony, the district court found that the search warrant was supported by sufficient probable cause and denied Archie's motion to suppress. The court further held that, even if he had not found sufficient probable cause, the officers who obtained and executed the warrant acted reasonably and in good faith in relying upon the warrant. See United States v. Leon, 468 U.S. 897 (1994). Archie entered a conditional guilty plea, reserving his right to appeal the court's decision on his motion to suppress.

We review the district court's factual findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Probable cause has been defined as it pertains to search warrants as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Additionally, the court must look to the "totality of the circumstances" surrounding the search. See id.; United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) (stating that a totality of the circumstances analysis "considers the informant's reliability and the basis of the informant's knowledge"). Great deference should be accorded a magistrate judge's assessment of the facts in determining probable cause. See Gates, 462 U.S. at 236. If the district court's decision to admit evidence obtained as a result of a search warrant was based on a finding that the information available to the magistrate judge provided a substantial basis for concluding that probable cause existed, that reasoning will be upheld on appeal. See United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). The task of a reviewing court is not to conduct a de novo determination of probable cause, but to determine whether there is substantial evidence in the record supporting the magistrate judge's decision to issue the warrant. See Massachusetts v. Upton, 466 U.S. 727, 728 (1984).

Archie contends the affidavit in this case is deficient because: (1) the affidavit does not speak to the credibility of the informant; (2) the affidavit does not establish a sufficient nexus between the information

3

provided by the informant and the probability that drugs would be found in Archie's home; and (3) the information provided by the informant was stale. With respect to Archie's first claim, we find that the information contained in the affidavit, taken together with the officers' sworn testimony before the magistrate, provided sufficient information regarding the informant's credibility. See United States v. Clyburn, 24 F.3d at 617 (holding that magistrates may consider sworn, unrecorded oral testimony in determining whether sufficient probable cause exists to issue a state warrant). Second, the information given by the informant clearly tied Archie's residence to the illegal activity and contraband to be seized. See United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993) ("In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched."). Finally, although the affidavit did not specifically provide a time period during which the activity occurred, the magistrate could have reasonably inferred that the criminal activity was ongoing at the time the affidavit was written and presented. See Lalor, 996 F.2d at 1581-82 (holding that failure to disclose a time frame in the affidavit was not fatal to the warrant because the magistrate could reasonably infer that the drug activity was ongoing where the affidavit was written in the present tense and the defendant had been arrested on drug charges five days earlier).

Because we find that the warrant was supported by sufficient probable cause, we need not address whether the "good faith exception" established by Leon applies. We affirm Archie's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4