UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4051

AUDLEY CASANOVA, a/k/a Robert
King,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-108)

Submitted: November 30, 1998

Decided: January 5, 1999

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Byers, Wyoming, Ohio, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Clifton T. Barrett, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Audley Casanova appeals his conviction by a jury of possession with the intent to distribute crack cocaine. See 21 U.S.C. §§ 841(b)(1)(A) & 846 (1994).* In this appeal, Casanova attacks his conviction on numerous fronts. Casanova first claims that the verdict was not supported by sufficient evidence. Casanova next contends that the district court erred in denying his motion to suppress his arrest and the evidence found in his apartment as a result of an invalid search warrant and a violation of the "knock and announce" statute. See 18 U.S.C. § 3109 (1994). Casanova also suggests that the Government failed to prove that the controlled substance found in his apartment was crack cocaine as opposed to merely some other form of cocaine base. Finally, Casanova argues that the district court erred in enhancing his sentence for the possession of a firearm. See U. S. Sentencing Guidelines Manual § 2D1.1 (Nov. 1994). Because we find no merit to these contentions, we affirm Casanova's conviction and sentence.

Casanova was arrested following the execution of a search warrant that yielded more than 210 grams of crack cocaine hidden in various places in the apartment where he and his co-defendant, Mitchell Washington King, were sleeping. In addition to the crack cocaine, investigating officers found significant quantities of cash, numerous firearms, packaging materials, powdered cocaine, scales, and a pager. Notwithstanding this evidence, Casanova suggests that he was "merely present where cocaine was found" because the Government presented no other evidence to link Casanova to narcotics trafficking.

_____

*Although Casanova was charged with use of a firearm during the commission of a drug trafficking offense, see 18 U.S.C. § 924(c) (1994), the district court dismissed Casanova's conviction in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995).

2

"To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer , 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States , 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)."[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). During this inquiry, this court neither weighs evidence nor reviews witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To support Casanova's conviction, the Government was required to present evidence of Casanova's possession of the crack cocaine found in the apartment and his intent to distribute the narcotics. Possession may be actual or constructive. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). Constructive possession requires that the defendant knows of the contraband's presence and exercises, or has the potential to exercise, dominion and control over the contraband. See United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Moreover, possession is not necessarily exclusive, but may be "shared." See United States v. Laughman , 618 F.2d 1067, 1077 (4th Cir. 1980). The intent to distribute need not be proven by direct evidence, but may be inferred from quantities too large for personal consumption. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996).

Given Casanova's report that he resided on the premises, see United States v. Morrison, 991 F.2d 112, 114-15 (4th Cir. 1993), the quantity of crack found therein, see Lamarr, 75 F.3d at 973, the presence of the pager, the firearms, the scales, the packaging materials, and amounts of cash secreted in various locations in the apartment, see United States v. Fisher, 912 F.2d 728, 731 (4th Cir. 1990) (noting presence of paraphernalia and cash relevant to intent to distribute), there was no clear failure of evidence on the part of the Government. When a defendant resides in a home where drugs and drug parapher-

3

nalia are found in common and accessible areas, there is sufficient evidence to convict the resident of possession with intent to distribute. See Morrison, 991 F.2d at 114-15. The jury was entitled to "give weight to the circumstances surrounding appellant['s] apprehension and arrest" in finding that Casanova knew of the presence of the drugs hidden in the apartment. United States v. Grubbs , 773 F.2d 599, 602 (4th Cir. 1985). The jury could, and in fact did, reasonably find that Casanova had constructive possession of and the intent to distribute the crack cocaine in the apartment.

Casanova next contends that there was no probable cause to issue the warrant which supported the entry and search of the apartment and lead to his arrest. Despite the fact that the affidavit underlying the warrant in this case included two references to informants' controlled buys of drugs in the apartment, Casanova suggests that the affidavit was lacking in that it contained only unsworn hearsay statements of informants whose reliability is attested to in the most conclusory of statements. Ordinarily, an informant's controlled buy may constitute probable cause sufficient for a magistrate judge to issue a warrant. See United States v. Clyburn, 24 F.3d 613, 618 (4th Cir. 1994). Casanova nonetheless attempts to distinguish Clyburn factually by noting that the informant in that case wore a body wire and was under visual surveillance during the entire buy. According to Casanova, because these assurances of reliability are not present in this case, probable cause to issue the warrant was lacking.

"Because of the [F]ourth [A]mendment's strong preference for searches conducted pursuant to warrants, reviewing courts must resist the temptation to `invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.'" United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). Casanova's argument invites the court to employ a hypertechnical analysis by assigning a lengthy and specific definition to the concept of a "controlled buy." The common sense approach is rather simple. For each controlled buy referenced in the affidavits, police in this case provided the informant with cash, made certain that their informant was not carrying contraband when he/she entered the apartment building, and waited a short period of time. Both times, when the informant returned, she/he was in possession of crack cocaine and reported obtaining the cocaine in the apart-

4

ment for which the warrant was obtained. This amounts to sufficient police corroboration of an informant's information based on the controlled buy. The magistrate judge had ample probable cause to issue the warrant and the district court did not err in denying the motion to suppress.

Even assuming probable cause was lacking, the evidence seized in this case would be admissible so long as the warrant was issued by a neutral and detached magistrate judge and the executing officers' reliance on the warrant was objectively reasonable. See United States v. Leon, 468 U.S. 897, 926 (1984); United States v. Edwards, 798 F.2d 686, 690 (4th Cir. 1986). Rarely will searches pursuant to a warrant require a deep inquiry into reasonableness because a warrant issued by a magistrate judge normally suffices to establish that a law enforcement officer has acted in good faith. See Leon, 468 U.S. at 922.

There are four situations in which an officer's reliance on a search warrant would not be reasonable: 1) the magistrate judge was misled by information in the affidavit that the officer"knew was false or would have known was false except for his reckless disregard for the truth;" 2) the magistrate judge "wholly abandoned his judicial role;" 3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and 4) "depending on the circumstances of the particular case, a warrant may be so facially deficient . . . that the officers cannot reasonably presume it to be valid." Id. at 923; see United States v. Clutchette, 24 F.3d 577, 581 (4th Cir. 1994).

In his brief, Casanova relies on United States v. Wilhelm, 80 F.3d 116, 123 (4th Cir. 1996), to show that the officer's reliance on the warrant was unreasonable. Casanova suggests that under the third Leon exception, the affidavit here "did not provide the magistrate with a substantial basis for determining the existence of probable cause." In Wilhelm, we held that the Leon exception did not apply to a mere "bare bones" affidavit. See id. at 122-23. The affidavit in this case contained far more valuable information than the affidavit in Wilhelm. The affidavit gives directions to the residence and notes that the informant has seen drugs and firearms in the residence. Further, the affidavit describes the persons allegedly living there, information which

5

was corroborated by the officers through monitored "controlled buys." Therefore, the affidavit "provide[d] the magistrate with a substantial basis for determining the existence of probable cause," and Leon's third exception is applicable. The officers did not act unreasonably in executing the warrant.

Neither was there error in denying the motion to suppress as a result of a technical violation of the "knock and announce" statute. In executing the search warrant, officers neither were refused entrance nor allowed a significant lapse of time to occur. See United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994). However, the possibility of danger to the officers executing the warrant may justify noncompliance with the "knock and announce" requirement. See id. There is no suggestion of clear error in the district court's finding that the potentially dangerous situation provided the officers with an exigent circumstance excusing their noncompliance with the statute. See United States v. Taylor, 90 F.3d 903, 909-10 (4th Cir. 1996).

The officers had reason to believe that there were as many as four men inside the apartment in the possession of numerous firearms; the "tools of the trade" of drug trafficking. See United States v. Hinds, 856 F.2d 438, 443 (1st Cir. 1988). Moreover, the search team would have been easily visible from the apartment for twenty-five yards before they reached the apartment door. Finally, the team was in an awkward tactical position because only two members of the team could stand on the landing close to the door of the apartment at any one time. These facts do not leave us with a "definite and firm conviction" that the district court erred in finding exigent circumstances existed for the officers' violation of the "knock and announce" statute. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Richards v. Wisconsin, ___ U.S. ___, 65 U.S.L.W. 4283 (U.S. Apr. 28, 1997) (No. 96-5955).

Casanova's final two assignments of error need not detain us for long. First, Casanova asserts that the Government failed to prove, by a preponderance of the evidence, that the substance seized was crack cocaine. This issue was not raised at the district court level, and as a result, we review for plain error. See Fed. R. Crim. P. 52(b). The plain error doctrine is applied only where the error is "particularly egregious" and in "those circumstances in which a miscarriage of justice

6

would otherwise result." United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993) (quoting United States v. Young , 470 U.S. 1, 15 (1985)). "To establish plain error, [a defendant] must demonstrate that (1) the asserted defect in the trial was, in fact, error; (2) the error was plain; and (3) the error affected his substantial rights." United States v. Jackson, 124 F.3d 607, 614 (4th Cir. 1997) (citing United States v. Olano, 507 U.S. 725, 732 (1993)), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-6989). Contrary to counsel's suggestion on appeal, virtually every government witness identified the substance as crack. The testimony of trained narcotics agents was sufficient to establish the identity of the controlled substance. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976). Finally, in challenging his sentence calculation, Casanova contends he should not have received an enhancement for possession of a firearm. See U. S. Sentencing Guidelines Manual § 2D1.1 (Nov. 1994). We have no difficulty concluding that the enhancement was proper because it was not "clearly improbable" that the gun found at the foot of Casanova's bed, within his easy reach, was connected with the offense. See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994) (citing Stinson v. United States, 508 U.S. 36, 45 (1993)).

Finding no merit to any of the Appellant's contentions, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7