**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 99-4253

MICHAEL C. BRANNON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-637)

Submitted: March 23, 2000

Decided: April 24, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas A.M. Boggs, Spartanburg, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Harold Watson Gowdy, III,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael C. Brannon appeals his conviction and sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). We affirm.

Initially, we hold that the district court did not abuse its discretion by refusing to compel the Government to identify an informant whose information provided the basis for issuance of a search warrant of a residence where drugs and drug paraphernalia ultimately used against Brannon were found. See United States v. Gray , 47 F.3d 1359, 1363 (4th Cir. 1995) (stating standard of review). Disclosure is not required where, as in this case, the information from the informant is used for the limited purpose of obtaining a search warrant, see id. at 1365, particularly where the defendant, as in this case, merely speculates on the usefulness of the disclosure, see United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985).

We also find that under the totality of the circumstances, the affidavit upon which the search warrant was based established a fair probability that illegal narcotics would be found at Brannon's residence. See Illinois v. Gates, 462 U.S. 213, 233 (1983) (stating standard of review). Contrary to Brannon's position, the affidavit's clear statement that the informant made a controlled, electronically monitored drug purchase at the specific residence for which the officer sought a search warrant indicated that drugs could be found on the premises. Moreover, this statement bolstered the informant's reliability. See United States v. Clyburn, 24 F.3d 613, 618 (4th Cir. 1994).

Accordingly, we affirm the district court's judgment order.* We dispense with oral argument because the facts and legal contentions

_____

*In his pro se supplemental brief, Brannon cites several occasions where his counsel allegedly rendered ineffective assistance. Because the record does not conclusively demonstrate ineffective assistance of counsel, we declined to review these claims on direct appeal. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

2

are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3