UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

MICHAEL SCOTT MANNION,
　　　　　　　*Defendant-Appellant.*

No. 02-4426

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-01-339)

Submitted: November 27, 2002

Decided: December 19, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David P. McCann, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Scott Mannion was indicted for possession of child pornography in violation 18 U.S.C. § 2252A(a)(5)(B) (2000). The district court denied Mannion's motion to suppress evidence obtained by the police from his wife and in the execution of a search warrant at his residence. Mannion then entered a conditional guilty plea to the offense. *See* Fed. R. Crim. P. 11(a)(2).

Mannion now appeals the adverse determination of his motion to suppress arguing that his wife's transfer of a computer disk containing images of child pornography to the police constituted an illegal search and that the warrant did not establish probable cause supported by oath or affirmation. The Government contends that the transfer of the computer file was not a search, that the warrant was supported by probable cause, and that even if it were not, the good faith exception to the warrant requirement applies. Finding no error, we affirm.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Mannion argues that when his wife gave the computer disk to Detective Blanchard and Blanchard took and viewed the disk, it was a warrantless search and seizure. Mannion also asserts that the police conduct cannot be justified on the basis of his wife's consent because the computer and computer files were his private property and his wife did not have equal access to the items. Mannion challenged the admission of evidence from the disk and its use to establish probable cause for a search warrant, but did not raise this consent issue in the district court. The failure to preserve a related suppression issue amounts to waiver under Fed. R. Crim. P. 12(f). *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997) (holding that defendant's

argument that the warrant was improperly executed when defective warrant argued below resulted in waiver under Rule 12).

Nonetheless, there is no evidence in the record that Mannion's wife did not have access to the computer. On cross-examination, Blanchard testified that as far as she knew, Mannion's wife had access to the computer, just as the Defendant did. Defense counsel did not introduce any evidence to the contrary. In fact, during the course of the hearing, Blanchard testified that she met with Mannion's wife in the bedroom where the computer was kept. Further, the disk was labeled "grocery list" and had a note about a school project, making it more likely that the computer was used as a family computer. Finally, Janet Mannion was able to log onto the computer and view and download Defendant's files.

Regardless, Mannion's wife had authority to give the disk to Detective Blanchard, as a resident of Mannion's home. A search without probable cause is valid if consent is voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). By using the family computer, Mannion assumed the risk that his wife would give such contraband to police. Consent to search may be given by a person other than the subject or victim of the search if "the third person shares with the absent target of the search a common authority over, general access to, or mutual use of the place or object sought to be inspected under circumstances that make it reasonable to believe that the third person has the right to permit the inspection in his own right and that the absent target has assumed the risk that the third person may grant this permission to others." *United States v. Block*, 590 F.2d 535, 539-40 (4th Cir. 1978). Mannion's reliance on cases where the third party who gave consent for a search had no relationship or authority over the property or premises is misplaced and may be distinguished.

Mannion argues that the involvement of federal officers makes the application a federal warrant and, therefore, Fed. R. Crim. P. 41 should be complied with, which requires oral statements to be sworn and recorded. He further argues that, even if compliance with Rule 41 is not required, the Fourth Amendment requires that a warrant be based upon probable cause supported by oath or affirmation. *See United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994). Without

Blanchard's oral statements to Judge Dennis, Mannion contends that the warrant application was not supported by probable cause because the use of a confidential informant was not supported by a statement of the confidential informant's reliability. *See id.* at 617.

The suppression hearing transcript establishes that federal officials were not the driving force behind the application for the warrant and therefore the warrant obtained from the state court judge did not have to comply with Fed. R. Crim. P. 41. The test to be applied in determining whether a warrant must be obtained in compliance with Rule 41 is "whether the warrant application was made 'at the direction or urging of a federal officer.'" *United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992) (*quoting United States v. Smith*, 914 F.2d 565, 569 (4th Cir. 1990)). Here, the only federal involvement seen in the record related to application for the search warrant is when Detective Blanchard called FBI Agent McCants for advice about whether to reveal Mannion's wife's name in the warrant affidavit. The case was not referred for federal prosecution until after the search was over. Therefore, Fed. R. Crim. P. 41 was not applicable.

The Government argues that, even if the warrant lacked probable cause, the *Leon* good faith exception to the warrant requirement applies. "Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (citations omitted). There are four situations excluded from the good faith exception. These are:

(1)   The magistrate judge was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard for the truth;

(2)   The magistrate wholly abandoned his detached and neutral judicial role;

(3)   The warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

(4)   The warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995).

Assuming without deciding that no probable cause supported the warrant, we will proceed immediately to a consideration of the officer's good faith without determining whether probable cause supported the warrant. *See United States v. Leon*, 468 U.S. 897, 925 (1984); *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994). Even had the search warrant been invalid due to its reliance on unsworn oral statements, however, we find that the evidence does not establish that: Blanchard knowingly presented false information or recklessly disregarded the truth, the state court judge who issued the warrant was biased, Blanchard's affidavit utterly failed to establish probable cause, or the search warrant was facially insufficient in particularizing the place to be searched or the items to be seized.

Blanchard's decision not to reveal the identity of Mannion's wife as the confidential informant was based upon a concern for her safety and was not an attempt to avoid the reliability of her source. Indeed, the state court judge was fully aware of the informant's identity and reliability. Blanchard's decision to seek a warrant is evidence of her good faith, as she could have searched Mannion's house with his wife's consent. Consequently, we conclude that Mannion has not established that his case is beyond the purview of the good faith exception.

We therefore affirm the denial of the motion to suppress and the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*