**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5063**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CARL L. LINYARD, a/k/a Big Kahuna, a/k/a
Kahuna, a/k/a Gus,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CR-03-620)

---

Submitted:  September 30, 2005      Decided:  November 7, 2005

---

Before LUTTIG, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

Francis J. Cornely, Charleston, South Carolina, for Appellant.
Robert H. Bickerton, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Carl L. Linyard was found guilty by a jury of conspiring to distribute and possessing with intent to distribute fifty grams or more of cocaine base "crack" (Count 1), distributing fifty grams or more of crack (Count 3), and possessing with intent to distribute a quantity of crack (Counts 6-10, 13, 14). The district court sentenced Linyard to life imprisonment on Counts 1 and 3 and 360 months of imprisonment for Counts 6-10, 13 and 14. All sentences were imposed to run concurrently to each other. Linyard timely appeals alleging the district court erred by denying his motion to suppress evidence found at his residence and the residence of Latoya Daise and that he was improperly sentenced. For the reasons that follow, we affirm Linyard's convictions but vacate and remand for resentencing.

We find no error in the district court's decision to deny Linyard's motion to suppress the evidence found at his and Daise's residences. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992) (stating standards of review). Looking at the totality of the circumstances, see United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994), we find the search warrants, obtained and executed by state officials, were based on probable cause, see Illinois v. Gates, 462 U.S. 213, 238 (1983), and provided a substantial basis for concluding that probable cause existed for issuing the warrants. See United States v. Blackwood, 913 F.2d

139, 142 (4th Cir. 1990). Accordingly, as this is Linyard's only issue regarding his convictions, we affirm.

Next, Linyard alleges that the district court improperly enhanced his sentence under the Federal Sentencing Guidelines based on facts not found by the jury or admitted by him. Linyard timely objected to the sentencing enhancements contained in the presentence report in the district court, relying on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), as authority for his position. Since Linyard's sentencing, the Supreme Court has expanded its decision in Blakely. See United States v. Booker, 125 S. Ct. 738 (2005). In Booker the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the Guidelines advisory. Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court). This remedial scheme applies to any sentence imposed under the mandatory Guidelines, regardless of

whether the sentence violates the Sixth Amendment. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Because Linyard preserved these sentencing issues by objecting to his presentence report below on the basis of <u>Blakely</u>, we review de novo. <u>See</u> <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient <u>Apprendi</u>[*] sentencing objection in the trial court, and so preserved his objection, we review de novo.") (citation omitted). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." <u>Id.</u> (citations omitted); <u>see</u> <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a) and plain error standard in Fed. R. App. P. 52(b)).

Linyard alleges on appeal that if the district court had sustained his <u>Blakely</u> objections to the presentence report his sentencing range would have been 210 to 262 months of imprisonment, far below his sentence of life. In light of <u>Booker</u>, we vacate Linyard's sentences and remand the case for resentencing.

---

[*]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. & n.5. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2005). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

Accordingly, we affirm Linyard's convictions but vacate and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED