**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4712**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOBY GERMAINE PERSON,

Defendant - Appellant.

**No. 16-4713**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOBY GERMAINE PERSON,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Thomas E. Johnston, District Judge. (6:13-cr-00290-1; 6:07-cr-00163-1)

Submitted: May 23, 2017                                       Decided: May 30, 2017

Before GREGORY, Chief Judge, and MOTZ and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David O. Schles, DAVID O. SCHLES, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toby Germaine Person appeals from his conviction for possession with intent to distribute heroin, cocaine base, and cocaine.[*] On appeal, he challenges the denial of his motion to suppress, contending that the officer's affidavit did not provide probable cause and that the affidavit made material omissions of fact. We affirm.

In reviewing a district court's denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). When presented with a search warrant, the magistrate's task "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We must determine whether the warrant application "provide[d] the magistrate with a substantial basis for determining the existence of probable cause." *Id.* at 239. "[A] magistrate's determination of probable cause should be paid great deference by reviewing courts." *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994) (internal quotation marks omitted).

We find that the district court properly found that the affidavit provided substantial evidence of probable cause. The affidavit, executed by Detective Stalnaker, averred that,

---

[*] Person also appeals from the revocation of his supervised release (No. 16-4713) which was based on the possession with intent conviction herein appealed. Because we affirm Person's possession with intent conviction, we also affirm the revocation of his supervised release.

on August 3, 2013, officers conducted a traffic stop on a car driven by Bonnie Myers. Jack Poland was a passenger. Officers recovered from the front seat of the car six suspected Hydrocodone pills, two plastic baggies with suspected cocaine, and one plastic baggie with suspected crack cocaine.

Myers and Poland were interviewed separately. Stalnaker interrogated Poland, who stated that, earlier that evening, he and Myers went to the Comfort Inn where they were met by "T," a black male. Poland stated that they went to Room 215 where there was also a white female and two children. Myers then purchased 7 grams of cocaine, an eight ball of crack, and some Percocet pills from T. T obtained the cocaine and pills from the bathroom of the hotel room by removing the tissue holder from the wall and obtaining the items from the void. T had a large amount of cash in his pocket.

Another detective interviewed Myers. According to the affidavit, Myers stated that Toby Person was currently staying at the Comfort Inn, possibly in Room 210, and that she buys marijuana from him. Detectives responded to the Comfort Inn and spoke with employees regarding Rooms 210 and 215. They learned that 210 was occupied by two people with an Ohio address who paid in cash. Room 215 was occupied by a "normal" customer, possibly a construction company.

We find that, contrary to Person's argument, Poland's statement was not "wholly uncorroborated." First, the statements made by both Myers and Poland carried an "indicia of reliability" since they had a motive to provide truthful information in hope of lenient treatment. *See United States v. Miller*, 925 F.2d 695, 699 (4th Cir. 1991). Further, Poland's statement was detailed and corroborated by the drugs seized from the

4

vehicle. Poland and Myers independently identified Person as a drug dealer who was staying at the Comfort Inn, and both had personal, first-hand knowledge. Finally, the investigators spoke with the Comfort Inn to determine whether Person was more likely in Room 210 or 215 and determined that an out-of-state couple, paying in cash, were in Room 210. Because the affidavit provided a substantial basis for a finding of probable cause, Person's challenge of the magistrate judge's ruling is without merit.

Person next contends that the district court erred in denying the motion to suppress on the grounds that intentional or reckless material omissions from the affidavit rendered it misleading and that inclusion of the improperly omitted evidence would have defeated probable cause. Specifically, Person contends that the affidavit omitted the following portions of Myers' statement: (1) she affirmatively denied having been inside the Comfort Inn, (2) she denied purchasing the drugs that were in the car, and (3) her belief that Person was in Room 210 was based on hearsay.

In *Franks*, the Supreme Court ruled that a defendant is entitled to a hearing on the validity of the search warrant affidavit if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. We review for clear error the factual determinations underlying the denial of such a motion, and review de novo the legal conclusions. *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). For a criminal defendant to be entitled to a *Franks* hearing, we have

5

required a "dual showing[,] . . . which incorporates both a subjective and an objective threshold component." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990).

The defendant carries a heavy burden in showing that a *Franks* hearing is necessary. *United States v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994). Additionally, the "showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof." *Colkley*, 899 F.2d at 300. Accordingly, allegations of such misconduct must be supported through affidavits and sworn witness statements, or an explanation of why they cannot be provided. *Franks*, 438 U.S. at 171. We review de novo a district court determination that a defendant has not made a proper showing to trigger a *Franks* hearing. *United States v. Tate*, 524 F.3d 449, 455 (4th Cir. 2008).

We find that Person has not established that he was entitled to a full *Franks* hearing. Even after a limited hearing, Person did not offer any evidence to prove that Stalnaker intentionally omitted information regarding Myers' statement. Instead, the limited information regarding Myers' statement appears to have been the result of the confusing and inconsistent nature of the statement itself. Of note, while the affidavit did not include portions of Myers' statement that cut against probable cause, it also did not include information that would have further supported probable cause, including Myers' nonverbal communication and her identification of the people who allegedly informed her that Person was in Room 210, people who were known to officers as reliable informants.

Moreover, even assuming that Stalnaker's affidavit was intentionally false and misleading, probable cause would still have existed to support the search warrant even

6

with the alleged omitted statements. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (holding that viewing the totality of the circumstances, the issuing court must believe that there is "a fair probability that contraband or evidence of a crime will be found in a particular place"). Given that both Poland and Myers identified Person as a drug dealer based on first hand information and that both agreed that he was staying at the Comfort Inn, we discern no reversible error in the district court's failure to order a full *Franks* hearing.

Accordingly, we affirm Person's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*