**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 00-4160

PETER VALENTINE HART,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-16)

Submitted: August 22, 2000

Decided: September 8, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Janet S. Reincke,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Valentine Hart pled guilty to possession of a firearm by a felon. <u>See</u> 18 U.S.C.A. § 922(g) (West Supp. 2000). He appeals his conviction and sentence, contending that the district court erred by denying his motion to suppress and by refusing to reduce his base offense level. We affirm.

After a state trooper stopped Hart for driving with a revoked license, an agent from the Bureau of Alcohol, Tobacco and Firearms ("ATF") questioned Hart and searched his car, where he found a rifle. Hart contends that the stop was inadmissible under Virginia law and the Fourth Amendment because the state trooper did not rely exclusively on personal observations. The Fourth Amendment, however, does not require officers to rely on personal knowledge when stopping a suspected misdemeanant. <u>See Street v. Surdyka</u>, 492 F.2d 368, 372 (4th Cir. 1974). Even if Virginia law is more restrictive, as Hart contends, it does not govern the admissibility of evidence in federal court. <u>See United States v. Clyburn</u>, 24 F.3d 613, 616 (4th Cir. 1994).

Hart also alleges that the ATF agent unlawfully detained him and searched his vehicle after the state trooper issued a summons. The record establishes, however, that the encounter and the search were consensual. <u>See United States v. Elie</u>, 111 F.3d 1135, 1144-45 (4th Cir. 1997).

Finally, Hart faults the district court for refusing to adjust his sentence pursuant to U.S.S.G. § 2K2.1(a)(6), which sets a base offense level of six for certain firearms crimes if the defendant intended to use the firearm for lawful purposes. While there is evidence in the record that Hart intended to use his rifle for hunting, the district court deemed that evidence not credible. This finding was not clearly erroneous. Thus, the court did not err in refusing the reduction, as Hart failed to meet his burden of proving his eligibility for a § 2K2.1(a)(6) reduction. <u>See United States v. Harris</u>, 882 F.2d 902, 907 (4th Cir. 1989).

For the foregoing reasons, we affirm Hart's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3