**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DANIEL TUCKER,

*Defendant-Appellant.*

No. 99-4602

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-98-155)

Submitted: January 23, 2002

Decided: February 7, 2002

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

John G. Hackney, Jr., Charleston, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, John J. Frail, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Daniel Tucker was charged with aiding and abetting possession with intent to distribute a quantity of heroin in violation of 18 U.S.C.A. § 2 (West 2000), and 21 U.S.C.A. § 841(a)(1) (West 1999). Prior to trial, Tucker moved to suppress the evidence seized at his residence, alleging no probable cause supported the search warrant. The district court denied this motion, and the trial proceeded. During the Government's closing arguments, the Assistant United States Attorney stated,

> Use your common sense. Why does he [refuse consent to search his home]? He does this because he knows the drugs are there and he hopes either the police won't search or they will leave long enough and get a search warrant and thereby allow him time to flush all the evidence down the toilet.

(J.A. 201). A jury convicted Tucker of aiding and abetting possession with intent to distribute heroin, a Class C felony. 21 U.S.C.A. § 841(a)(1). The district court sentenced him to 151 months incarceration followed by a three-year term of supervised release.

Tucker noted a timely appeal and raises the following challenges to his conviction: (1) whether the Government's reference to Tucker's assertion of his Fourth Amendment rights during its closing argument constitutes plain error; (2) whether the district court wrongly denied Tucker's motion to suppress evidence seized as a result of a purportedly flawed search warrant; (3) whether the district court improperly calculated Tucker's sentence based upon drug quantity, as well as alleged criminal conduct, not charged in the indictment.

Tucker claims that it was a violation of his due process rights for the Government to argue that the assertion of a constitutional guarantee supports an inference of guilt. Because Tucker did not raise an objection to the Government's comments at trial, his claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Generally, federal courts must protect a criminal defendant from having his silence used against him as evidence of guilt. *Doyle v. Ohio*, 426 U.S. 610 (1976); *Griffin v. California*, 380 U.S. 609 (1965). However, we have long recognized a distinction between the protections available under the Fourth and Fifth Amendments. *United States v. McNatt*, 931 F.2d 251, 256 (4th Cir. 1991). In *McNatt*, we held that it is permissible for the Government to refer to the defendant's refusal to grant consent to a search where the defendant puts the credibility of the officer conducting the search at issue, stating:

> Under the [F]ifth [A]mendment, a suspect has the right to remain silent at all times and may not be required to say anything at the time of his arrest, during confinement or at trial. However, under the [F]ourth [A]mendment, a person may not prevent a search of his person or property. By withholding permission to search, he merely puts the government to the procedural test of proving probable cause to obtain a search warrant.

*McNatt*, 931 F.2d at 257.

In the instant case, Tucker focused his defense squarely upon his wife's relationship to the drugs seized. Specifically, during its cross-examination of key Government witnesses, defense counsel attempted to plant seeds of doubt with the jury as to whom the drugs belonged. As in *McNatt*, the Government made statements in its closing argument that refuted Tucker's theory of the case and proffered an alternate explanation for Tucker's refusal to have his home searched. Therefore, the Government's comments did not violate Tucker's due process rights.

Next, Tucker contends that the evidence obtained pursuant to the search warrant should have been excluded because the affidavit provided to the county magistrate lacked sufficient information to make the probable cause determination. When the admissibility of evidence in federal court is at issue the validity of a search warrant obtained by state officers is tested by the requirements of the Fourth Amendment, and not by state law standards. *United States v. Clyburn*, 24 F.3d 613 (4th Cir. 1994). In making a probable cause determination, a magistrate must use a totality-of-the-circumstances analysis that

considers the informant's reliability and the basis of the informant's knowledge. *Illinois v. Gates*, 462 U.S. 213, 233 (1983).

Here, Detective Wolfe stated in a written affidavit that a cooperating individual (Ms. Tucker), a known drug user who had just been stopped after a drug transaction, claimed that heroin could be found at the Tucker residence. Our review of the affidavit and the record shows there was a "fair probability" that illegal narcotics would be found in the Tucker residence, supporting the magistrate's finding of probable cause. *Gates*, 462 U.S. at 238. Moreover, we find that Tucker's reliance on *United States v. Wilhelm*, 80 F.3d 116, 120 (4th Cir. 1996), is misplaced. The instant affidavit provided more valuable information than the one submitted in that case. Accordingly, the district court did not err in its denial of Tucker's motion to suppress.

Lastly, Tucker challenges the district court's use of a drug quantity not charged in the indictment to calculate his sentence. Because he did not raise these objections during sentencing, Tucker may only obtain review before this Court if he can demonstrate plain error. *United States v. Strickland*, 245 F.3d 368, 376 (4th Cir.) (citing *United States v. Olano*, 507 U.S. 725, 731-32 (1993)), *cert. denied*, 122 S. Ct. 213 (2001). By Tucker's own admission, his sentence of 151 months does not exceed the statutory maximum for an identifiable, but unspecified, quantity of drugs. *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc), *petition for cert. filed*, (Sept. 20, 2001) (No. 01-6398); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, ___ U.S. ___ 122 S. Ct. 309 (2001). Therefore, his sentence is permissible. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir.), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001).

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*