**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6272**

---

GABRIEL A. ANTONIO,

  Plaintiff - Appellant,

versus

JAMES MOORE, Detective,

  Defendant - Appellee,

and

LISA ZANDEL, Magistrate,

  Defendant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge. (CA-03-1560-1)

---

Submitted:  January 18, 2006          Decided:  March 9, 2006

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant.  Ara L. Tramblian, OFFICE OF THE COUNTY ATTORNEY, Arlington, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gabriel A. Antonio appeals the district court's decision to dismiss his original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and its subsequent denial of his motions to vacate the dismissal and amend his complaint pursuant to Rule 60 and Rule 15 of the Federal Rules of Civil Procedure. In his original complaint, Antonio brought claims pursuant to 42 U.S.C. § 1983 against Detective James Moore and Magistrate Lisa Zandel, asserting constitutional violations arising from the application of unduly suggestive identification procedures and the issuance of a defective arrest warrant during his underlying criminal prosecution for robbery. Following the district court's decision to grant Detective Moore's motion to dismiss the complaint, Antonio moved for reconsideration and leave to amend the complaint to add new factual allegations underlying his preexisting claims and substantive due process claims. Because we conclude that Antonio's claims in his original and proposed amended complaint fail to state a cause of action, we affirm the district court's disposition of these motions.

I.

On December 17, 2003, Antonio, an incarcerated prisoner acting pro se, filed his original complaint in the Eastern District of Virginia, asserting constitutional violations related to his

ultimate criminal prosecution for robbery. In substance, Antonio alleged that Detective Moore violated (1) his Fourteenth Amendment right to due process by applying unduly and unnecessarily suggestive out-of-court identification procedures; (2) his Sixth Amendment right to counsel during those identification procedures; and (3) his Fourth Amendment right to be free from unlawful seizures by procuring an arrest warrant without probable cause while investigating the robbery. Antonio further alleged that Magistrate Zandel violated (1) his Fourth Amendment right to be free from unlawful seizures in issuing the warrant; and (2) his Fourteenth Amendment right to due process by failing to provide the factual basis on which she issued the warrant, thereby undermining his ability to challenge the validity of the warrant on appeal.

In addition to setting forth these claims, the original complaint stated that Antonio could not finish the complaint based on his perceived time limitations. As such, he "submitted a motion to Amend this complaint" and sought "time to amend it, and a liberal time at that." J.A. 13. The attached motion for leave to amend the original complaint set forth Antonio's belief that he "may need" to amend his claims against the defendants, incorporate other possible claims, add other defendants and other plaintiffs, and amend his present claims. J.A. 23. Antonio also requested the appointment of counsel and assistance in serving the original complaint.

4

By order dated February 5, 2004 ("February 5, 2004 Order"), the district court sua sponte dismissed (1) the claims against Magistrate Zandel based on absolute judicial immunity; and (2) the claims against Detective Moore without prejudice based on Heck v. Humphrey, 512 U.S. 477 (1994), because Antonio had not demonstrated that he had obtained a favorable termination or vacatur of his guilty plea to the robbery. The district court also denied as moot Antonio's pending motions for leave to amend the original complaint, appointment of counsel, and assistance in serving the complaint.

On February 11, 2004, Antonio moved for reconsideration of the February 5, 2004 Order. In his motion, he admitted that he had pleaded guilty to the robbery charge, but asserted that his Section 1983 claims did not implicate the validity of his plea. After re-examining Heck, the district court vacated the February 5, 2004 Order on April 27, 2004. The district court permitted the claims in the original complaint against Detective Moore to proceed, but dismissed the claims against Magistrate Zandel as frivolous under 28 U.S.C. § 1915A(b)(1).

Upon Detective Moore's subsequent motion to dismiss, however, the district court dismissed the remaining claims in the complaint by order dated January 25, 2005 ("January 25, 2005 Order"), which is the subject of the present appeal. The district court concluded that the due process claim failed to state a cause of action

5

because any tainted identifications flowing from the allegedly suggestive identification procedures were not presented at trial. The district court similarly found that Antonio's Fourth Amendment claim failed to state a claim because he had only challenged the lack of specificity of the probable cause determination, rather than the validity of the determination itself. However, the district court did not explicitly rule on Antonio's Sixth Amendment claim.

Following the district court's January 25, 2005 Order, Antonio filed a second motion for reconsideration under Rule 60(b), seeking to file an amended complaint. In requesting such relief, Antonio primarily argued that he had refrained from submitting his amended complaint because the district court had never ruled on his motion to amend. Moreover, he claimed that his failure to submit a copy of his proposed amended complaint to the district court stemmed from his erroneous belief that he needed permission prior to doing so. At that juncture, Antonio thus attached a lengthy, amended complaint, which expanded on the factual allegations underlying his preexisting claims in the original complaint. Antonio also added two new claims against Detective Moore, alleging that Detective Moore violated (1) his substantive due process right to familial privacy by unduly influencing Antonio's fiancé to abort their child; and (2) his substantive due process right to privacy by arresting him.

On February 28, 2005, the district court simultaneously denied the motion for reconsideration and leave to amend the complaint after finding that the amended complaint raised duplicative and frivolous claims. Antonio now appeals the district court's decision to grant Detective Moore's motion to dismiss, and its decision to deny Antonio's subsequent motions for reconsideration and leave to amend his original complaint.

II.

A.

In reviewing the district court's decision to grant Detective Moore's motion to dismiss pursuant to Rule 12(b)(6), we apply de novo review. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). In examining the sufficiency of the complaint, we recognize that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, we accept as true all allegations in the complaint and construe the complaint in the light most favorable to the plaintiff. Venkatraman, 417 F.3d at 420.

The original complaint asserted that Detective Moore had violated Antonio's Fourteenth Amendment right to due process and Sixth Amendment right to counsel by applying unduly and unnecessarily suggestive out-of-court identification procedures outside the presence of Antonio's counsel. Because Antonio had ultimately pleaded guilty to the underlying robbery offense, the district court dismissed these claims with prejudice, reasoning that "there is no constitutional right to be free from a suggestive lineup or photo array as long as the evidence is not used at trial." J.A. 89-90. We agree that, based on Antonio's guilty plea, dismissal was appropriate because the Fourteenth and Sixth Amendments only protect the defendant against the admission of unconfronted and unreliable identification evidence at trial.

The Supreme Court has recognized a panoply of Fourteenth Amendment and Sixth Amendment protections in the context of illegal confrontations, as set forth by a trio of decisions, United States v. Wade, 388 U.S. 218 (1967), Gilbert v. California, 388 U.S. 263 (1967), and Stovall v. Denno, 388 U.S. 293 (1967), all decided the same day. Wade declared that the Sixth Amendment right to counsel protects the accused from standing alone "against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to

a fair trial." <u>Wade</u>, 388 U.S. at 226. Armed with that principle, the Court concluded that the defendant is entitled to counsel at a post-indictment lineup based on the inherent vagaries of eyewitness identifications and the need for adequate cross-examination at trial. <u>Id.</u> at 236-37.[1] <u>Gilbert</u> followed <u>Wade</u> by holding that the admission of in-court identifications "without first determining that they were not tainted by an illegal lineup but were of independent origin [is] constitutional error." <u>Gilbert</u>, 388 U.S. at 272. Finally, <u>Stovall</u> stated that even where the defendant could not avail himself of the protections of <u>Wade</u> or <u>Gilbert</u>, the defendant could nevertheless attack his conviction based on a confrontation that was "so unnecessarily suggestive and conducive

---

[1]In <u>Wade</u>, the Court was concerned with the overwhelmingly prejudicial effect of admitting eyewitness identification testimony, stemming from unnecessarily suggestive identification procedures, against the defendant. Specifically, the Court stated that "the confrontation compelled by the State between the accused and the victim or witnesses to a crime to elicit identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial." <u>Wade</u>, 388 U.S. at 228. Particularly where the victim is the identification witness and the defendant is reluctant to take the stand because of his criminal history, the "accused's inability effectively to reconstruct at trial any unfairness that occurred at the lineup may deprive him of his only opportunity meaningfully to attack the credibility of the witness' courtroom identification." <u>Id.</u> at 231-32; <u>id.</u> at 235 ("Insofar as the accused's conviction may rest on a courtroom identification in fact the fruit of a suspect pretrial identification which the accused is helpless to subject to effective scrutiny at trial, the accused is deprived of that right of cross-examination which is an essential safeguard to his right to confront the witnesses against him.").

9

to irreparable mistaken identification that he was denied due process of law." Stovall, 388 U.S. at 301-02.

The three decisions interlock to the extent that they prescribe prophylactic rules excluding unconfronted or unreliable eyewitness identification. See Manson v. Brathwaite, 432 U.S. 98, 112 (1977) (noting that the "driving force" behind Wade, Gilbert, and Stovall was "the Court's concern with the problems of eyewitness identification"). Indeed, in Stovall, the Court characterized Wade and Gilbert as only fashioning rules "requiring the exclusion of identification evidence which is tainted by exhibiting the accused to identifying witnesses before trial in the absence of his counsel . . . ." Stovall, 388 U.S. at 294. Similarly, the Court later described Stovall as "protecting an evidentiary interest, and at the same time, as recognizing the limited extent of that interest in our adversary system." Manson, 432 U.S. at 113.

The evidentiary rules created in Wade, Gilbert, and Stovall thus protect the defendant's core right to a fair trial. See id. at 112 ("Wade and its companion cases reflect the concern that the jury not hear eyewitness testimony unless that evidence has aspects of reliability." (emphasis added)); Stovall, 388 U.S. at 297 ("The Wade and Gilbert rules are aimed at minimizing [the possibility of conviction based on mistaken identification] by preventing the unfairness at the pretrial confrontation that experience has proved

10

can occur and assuring meaningful examination of the identification witness' testimony <u>at trial</u>." (emphasis added)); <u>Stovall</u>, 388 U.S. at 298 ("The presence of counsel will significantly promote fairness at the confrontation and a full hearing <u>at trial</u> on the issue of identification." (emphasis added)).  Because <u>Wade</u> and its progeny simply shield the defendant's right to a fair trial by precluding the admission of unconfronted or unreliable identification evidence, only the impairment of the defendant's core right--i.e., the right to a fair trial--is "actionable under § 1983."  <u>Pace v. City of Des Moines</u>, 201 F.3d 1050, 1055 (8th Cir. 2000); <u>Hensley v. Carey</u>, 818 F.2d 646, 649 (7th Cir. 1987) ("The rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983.").  In other words, unduly suggestive identification procedures in the absence of the defendant's counsel do not, in and of themselves, implicate the defendant's Fourteenth or Sixth Amendment rights, as long as the tainted evidence obtained is not used at trial.  <u>See</u> <u>Alexander v. City of South Bend</u>, 433 F.3d 550, 555 (7th Cir. 2006) ("The Constitution does not require that police lineups, photo arrays, and witness interviews meet a particular standard of quality."); <u>Hensley</u>, 818 F.2d at 648 ("[T]he procedural safeguards established in <u>Brathwaite</u> and <u>Stovall</u> protect

11

only against the admission of unreliable evidence at trial and [do] not establish a constitutional right to be free of suggestive lineups . . . .").[2]

In this instance, Antonio pleaded guilty to the underlying robbery charge, thereby foreclosing the possibility that unconfronted or unreliable evidence could be presented at trial. Moreover, Antonio merely alleged that Detective Moore engaged in unduly suggestive identification procedures without indicating whether, and to what extent, they impaired his right to a fair trial. See Alexander, 433 F.3d at 555 (noting that even where the plaintiff alleges that some witnesses exposed to the flawed identification procedures testify at his trial, the plaintiff must show "how those flawed procedures compromised the constitutional right to a fair trial"); Hutsell v. Sayre, 5 F.3d 996, 1005 (6th Cir. 1993) (finding no due process violation where plaintiff

---

[2]Similarly, the Supreme Court has recently explained that the prophylactic warnings prescribed in Miranda v. Arizona, 384 U.S. 436 (1966), protect against violations of the Self Incrimination Clause, which, in turn, "focuses on the criminal trial." United States v. Patane, 542 U.S. 630, 637 (2004). In concluding that the Miranda rule is designed to protect the "core privilege of self-incrimination," the Court reasoned that the "police do not violate a suspect's constitutional rights (or the Miranda rule) by negligent or even deliberate failures to provide the suspect with the full panoply of warnings prescribed by Miranda." Id. at 638, 641. Indeed, potential violations of a defendant's constitutional rights "occur, if at all, only upon the admission of unwarned statements into evidence at trial." Id. at 641 (emphasis added). Moreover, the "complete and sufficient" remedy for a perceived Miranda violation is the exclusion of such statements at trial. Id. at 641-42 (internal citations omitted).

12

alleged that evidence premised on impermissibly suggestive lineup was introduced at his criminal trial but failed to assert any violation of his right to a fair trial). Accordingly, Antonio's claims arising under the Fourteenth and Sixth Amendments fail to state a cause of action and were properly dismissed.[3]

2.

The original complaint also asserted Fourth Amendment claims arising from the arrest warrant's alleged failure to record Detective Moore's oral statements to Magistrate Zandel and its issuance without probable cause. The district court dismissed these claims, reasoning that the Fourth Amendment permits magistrates to rely on sworn, unrecorded oral testimony in making probable cause determinations. We agree that dismissal was appropriate.[4]

---

[3]We also note that to the extent that Antonio identified violations of his right to counsel occurring prior to the indictment, these allegations fail to state a cognizable claim because "the right to counsel does not attach until the initiation of adversary judicial proceedings." United States v. Gouveia, 467 U.S. 180, 188 (1987).

[4]Antonio brought Fourth Amendment claims arising out of the allegedly defective warrant against both Magistrate Zandel and Detective Moore. Although Detective Moore argued in his motion to dismiss that these claims could only apply to Magistrate Zandel, who had already been dismissed from the case because of judicial immunity, the district court nevertheless considered the merits of the claims. On appeal, we need not decide whether these claims could only be asserted against Magistrate Zandel because, in any event, they lack merit.

13

"The Warrant Clause of the Fourth Amendment requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a 'particular[ ] descri[ption of] the place to be searched, and the persons or things to be seized,' and (3) be based 'upon probable cause, supported by Oath or affirmation.'" United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) (quoting U.S. Const. amend. IV). It is settled law in this Circuit that the "Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by 'Oath or affirmation.'" Id. (quoting U.S. Const. amend. IV). Moreover, "magistrates may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings." Id. (citing cases). Thus, for these reasons, Antonio's primary attack on the probable cause determination underlying the warrant--i.e., that its failure to record Detective Moore's statements to Magistrate Zandel rendered it invalid--fails to state a cognizable cause of action.

To the extent that Antonio otherwise challenges the probable cause determination, his mere allegation that the arrest warrant was issued "without probable cause" is too conclusory to pass muster under Rule 12(b)(6). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . .

14

. than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation marks and citations omitted and alterations in original). By repeatedly asserting that the warrant was issued "without probable cause," without offering any factual allegations underlying this legal conclusion, Antonio failed to meet the requirements of Rule 8(a) or 12(b)(6). In the absence of any factual basis for challenging the validity of the warrant, we must therefore affirm the dismissal of Antonio's Fourth Amendment claims.

III.

A.

Turning next to Antonio's motion for reconsideration, we review a district court's disposition of a Rule 60(b) motion for abuse of discretion. United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). Where the movant seeks to amend the complaint following judgment, we first examine whether the district court properly determined whether Rule 60(b) relief was appropriate, and then address whether the district court abused its discretion in

15

disallowing the amendment under Rule 15(a).  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1489 at 695 (2d ed. 1990); <u>Peterson v. Air Pilots Ass'n, Intern.</u>, 759 F.2d 1161, 1165 n.10 (4th Cir. 1985).

B.

Rule 60(b) permits a party to obtain relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Rule 15(a) provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  Generally, courts should grant leave to amend in the absence of "bad faith, undue prejudice to the opposing party, or futility of amendment."  <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (internal citations omitted).

16

We perceive no error in the district court's decision to deny, simultaneously, the motion for reconsideration and the motion for leave to amend based on the duplicative and frivolous nature of the amended complaint. Even assuming that Antonio met the requirements of Rule 60(b), he failed to satisfy Rule 15(a). First, the amended complaint reiterated the same Fourteenth, Sixth, and Fourth Amendment claims as set forth in the original complaint that were properly dismissed. Second, the amended complaint failed to raise any meritorious claims.[5] In particular, Antonio asserted violations of (1) his substantive due process right to familial privacy arising from Detective Moore's alleged influence over Antonio's fiancé, and (2) his substantive due process right to individual privacy arising from his arrest. These claims would both be subject to immediate dismissal as frivolous under 28 U.S.C. § 1915A, the statutory screening provision within the Prison Litigation Reform Act. See 28 U.S.C. § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be

---

[5]In his amended complaint, Antonio further alleged that Detective Moore falsely told him that his fingerprints and license plate number had been identified at the crime scene, and that further, Detective Moore attempted to extract a confession from him. However, Antonio instantly "refuted and repudiated" Detective Moore's statements and actions. J.A. 137. Thus, even assuming, that Detective Moore's actions implicated Antonio's constitutional rights, he has failed to allege any redressible injury.

17

granted."). Accordingly, the district court properly denied both motions based on futility of amendment. <u>See</u> <u>HCMF Corp. v. Allen</u>, 238 F.3d 273, 277 (4th Cir. 2001) (proposed amendment was futile where added claim was not legally cognizable); <u>HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross</u>, 101 F.3d 1005, 1011-12 (4th Cir. 1996) (proposed amendment was futile because allowing it would have "at most, delayed the inevitable dismissal" of the plaintiff's claims).

## IV.

For the foregoing reasons, the district court's disposition on the motion to dismiss, motion for reconsideration, and motion for leave to amend is affirmed.

<u>AFFIRMED</u>