**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4832

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DION RENE DREW,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (3:05-cr-00070-WCB)

Submitted: October 31, 2007      Decided: November 15, 2007

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Andrew Arnold, Christopher P. Stroech, ARNOLD, CESARE & BAILEY, PLLC, Shepherdstown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Rene Drew appeals his conviction and 211-month sentence following his conviction on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000); one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) (2000); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(a)(2) (2000). Drew's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggested that the district court erred in denying Drew's motion to dismiss the indictment, erred in denying Drew's motion to challenge the validity of the search warrant, and erred in sentencing Drew. Drew filed a pro se supplemental brief questioning whether the district court erred in determining the drug quantities attributable to him, whether the district court erred in failing to differentiate between crack cocaine and cocaine base, and whether the district court erred in refusing Drew's request for additional voir dire. Finding no error, we affirm.

First, the district court did not err in denying Drew's motion to dismiss the indictment because he was never personally served with the initial arrest warrant. Notably, Drew was properly arrested without a warrant upon the discovery of a weapon by agents of the Bureau of Alcohol, Tobacco, and Firearms, and Drew's

admission that he is a convicted felon.  A warrant was only issued later as Drew was being processed by the United States Marshals Service.  Moreover, the record makes clear that Drew received all the process he was due.  Accordingly, the district court properly found that Drew's rights were not violated when he was not personally served with the initial arrest warrant, and the court correctly denied his motion to dismiss the indictment.

Second, the district court properly denied Drew's motion to test the validity of the search warrant.  Drew appears to question whether it is appropriate for federal officials to rely on a state-issued warrant.  However, this argument is without merit, as this court has previously approved of the use of evidence seized pursuant to a state search warrant in a federal prosecution.  See United States v. Clyburn, 24 F.3d 613, 614 (4th Cir. 1994). Moreover, the state search warrant complied with the Fourth Amendment because the evidence plainly established a "fair probability" that illegal narcotics would be found in Drew's motel room, and accordingly supported the magistrate's finding of probable cause.  Illinois v. Gates, 462 U.S. 213, 238.  Therefore, the district court properly dismissed Drew's motion.

Drew also challenges his sentence.  This court reviews the imposition of a sentence for reasonableness.  United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  After Booker, a district court

is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court did not clearly err in making its factual findings regarding the amount of drugs attributable to Drew, and thereby properly determined Drew's guideline range. Moreover, the district court treated the Guidelines as advisory, and sentenced Drew only after considering the § 3553(a) factors and counsel's arguments. Drew's 211-month sentence is presumptively reasonable, as it is within the appropriate guideline range and below the statutory maximum sentence. As neither Drew nor the record suggests any information to rebut the presumption, we find that Drew's sentence is reasonable.

Next, Drew's argument that the district court should have distinguished between crack cocaine and cocaine base is without merit because "cocaine base" and "crack cocaine" are interchangeable terms. United States v. Ramos, 462 F.3d 329, 334 (4th Cir.), cert. denied, 127 S. Ct. 697 (2006). Although Drew asks that the court reexamine its holding in Ramos, a panel of this court may not overrule a prior published decision of the court. See United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

Finally, the district court did not err by failing to ask additional questions regarding racial prejudice during voir dire. During voir dire, the district court informed the jury panel that Drew is African-American, and asked if this would affect anyone's ability to reach a fair and impartial judgment. Although Drew is a black male, race was not an element of the offense or defense and was not in any way connected with the resolution of relevant facts; thus, racial issues were not "inextricably bound up with the conduct of the trial," and no specific inquiry into potential racial bias was required. See United States v. Barber, 80 F.3d 964, 968 (4th Cir. 1996). Moreover, Drew fails to show that there was a "reasonable possibility" that racial prejudice might have influenced the jury in his trial. See id. at 969-70.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Drew's convictions and sentence. This court requires that

- 5 -

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED