**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5123**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DOUGLAS ALLEN HAZELWOOD,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00225-WO-1)

Submitted: February 7, 2011          Decided: February 25, 2011

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert I. O'Hale, CLIFFORD, CLENDENIN, O'HALE & JONES, LLP, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Douglas Allen Hazelwood appeals the district court's denial of his motion to suppress evidence seized from his residence. Because we conclude the warrant in this case was adequately supported by probable cause, we affirm the judgment of the district court.

This court reviews the district court's factual findings underlying the denial of a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, we review the evidence in the light most favorable to the government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). We further give due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009).

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); see United

2

States v. Chandia, 514 F.3d 365, 373-74 (4th Cir. 2008) (noting that magistrate's probable cause determination is entitled to "great deference"). "The validity of a search warrant obtained by state officers is to be tested by the requirements of the Fourth Amendment . . ., not by state law standards, when the admissibility of evidence in federal court is at issue." United States v. Clyburn, 24 F.3d 613, 614 (4th Cir. 1994).

The Fourth Amendment requires that warrants: (1) be issued by a neutral and detached magistrate, (2) contain a particularized description of the place to be searched and persons or things to be seized, and (3) be based on probable cause, supported by oath or affirmation. Id. at 617. The magistrate reviewing the warrant application is required "simply to make a practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. The crucial element determining probable cause is "whether it is reasonable to believe that the items to be seized will be found in the place to be searched." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993).

We have reviewed the warrant, supporting affidavit, and record of the suppression hearing below and conclude that this warrant was adequately supported by probable cause. We are

3

unpersuaded by Hazelwood's contention that the officer's failure to determine the identity of the owners or residents of the home defeats a finding of probable cause, as there was ample evidence before the magistrate from which she could find a substantial likelihood that contraband would be found in Hazelwood's residence.

Accordingly, for the reasons stated in the district court's memorandum opinion and order denying Hazelwood's motion to suppress, we affirm the judgment of the district court. United States v. Hazelwood, No. 1:08-cr-00225-WO-1 (Sept. 26, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED