**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4078**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CURTIS LOMONDA WILBORN, a/k/a Curtis Lomonda Wilburn,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:09-cr-00351-WO-1)

Submitted: November 23, 2011        Decided: December 13, 2011

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Lomonda Wilborn appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and his 120-month term of imprisonment. Wilborn contends that the court erred in denying his motions to suppress evidence and for judgment of acquittal, and in increasing his offense level pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6) (2010) when determining his sentence. We affirm.

Wilborn first asserts that the firearm should have been suppressed. We "review legal conclusions involved in the district court's suppression determination de novo but review factual findings underlying the legal conclusions subject to the clearly erroneous standard." United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). In issuing a search warrant, the magistrate's task "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In reviewing a magistrate's issuance of a search warrant, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that

2

probable cause existed." Id. at 238-39 (internal quotation marks and alterations omitted). "[A] magistrate's determination of probable cause should be paid great deference by reviewing courts." United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) (quoting Gates, 462 U.S. at 236).

We agree with the district court that the magistrate had a substantial basis to conclude that probable cause existed. The affidavit described an informant's successful controlled buy from a female at Wilborn's residence, coupled with the informant's assertions that a male previously sold him drugs from the residence and from a dark Nissan car. The affidavit also described detectives' surveillance of the residence soon after the controlled buy, where they observed Wilborn driving a dark Nissan car and a female leaving the residence to enter the car. Testimony of one of the detectives established the informant's reliability. These facts were sufficient to establish probable cause.

Wilborn next urges that the district court erred in denying his motion, pursuant to Federal Rule of Criminal Procedure 29, for judgment of acquittal. We review de novo a district court's denial of a motion for judgment of acquittal. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the Government, it is supported by

3

'substantial evidence,'" which is evidence that a "reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In this inquiry, we "consider both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

Wilborn challenges only whether the evidence was sufficient to conclude that he ever possessed the firearm. We conclude that ample evidence supports Wilborn's conviction. Before the detectives who were conducting surveillance on Wilborn's home announced their presence, Wilborn clutched his waist under his shirt as if he was holding a weapon. Then, while running from the officers along a fence, he paused for a moment before being subdued. A .38-caliber firearm was found on the opposite side of the fence at the point where Wilborn paused. It was clean and appeared freshly placed in the area, which consisted of untended woods and dead leaves. Moreover, the search turned up a box of .38-caliber ammunition in the bedroom Wilborn shared with his girlfriend, Shakiela McRae. Additionally, Wilborn's demeanor changed significantly upon seeing the firearm, going immediately from a belligerent to a

4

passive attitude. A rational jury could find that these facts, taken together, demonstrated his possession of the firearm.

Finally, Wilborn argues that the district court erred in applying USSG § 2K2.1(b)(6) in imposing sentence. Factual determinations underlying a district court's imposition of sentence must be supported by a preponderance of the evidence, and are not to be overturned unless clearly erroneous. See United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009). The relevant section of the Guidelines provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another felony offense," the defendant's offense level is to be increased by four. USSG § 2K2.1(b)(6). A defendant possesses a firearm "in connection with" another felony "if the firearm . . . facilitated, or had the potential of facilitating," that felony, or, "in the case of a drug trafficking offense," the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." Id., comment. (n.14). "[A]nother felony offense" means "any federal, state, or local offense, other than the . . . firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Id.

5

Marijuana found during the search of Wilborn's home was being packaged for resale and was on the bed that Wilborn and McRae shared. McRae testified that the firearm was under the same bed only two days before the search, and that she did not move the firearm outside or know how it ended up there. Additionally, Wilborn and McRae split the rent of the residence, and McRae said she had been selling drugs from the residence for several years. Finally, Detective Swaim testified at the sentencing hearing that the informant told him that Wilborn himself sold drugs from the residence. Thus, it was not clearly erroneous for the court to find by a preponderance that Wilborn maintained a dwelling for the purpose of keeping and selling controlled substances, and the district court did not err in enhancing Wilborn's sentence pursuant to USSG § 2K2.1(b)(6).

Accordingly, we affirm Wilborn's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED