**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4348**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEON DINKINS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (3:11-cr-02061-CMC-1)

———————

Submitted:  September 26, 2012      Decided:  October 22, 2012

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   William N. Nettles, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deon Dinkins pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 180 months' imprisonment. On appeal, Dinkins challenges the district court's denial of his motions to suppress evidence and his statements to police. We affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government. Id.

The evidence and statements that Dinkins sought to suppress resulted from the execution of a search warrant on Dinkins' residence. Dinkins first argues that the district court erred in concluding that probable cause supported the issuance of the search warrant in this case. When presented with an application for a search warrant, the magistrate's task "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The reviewing

2

court must determine whether the warrant application "provide[d] the magistrate with a substantial basis for determining the existence of probable cause." Id. at 239. Reviewing courts accord great deference to a magistrate's probable cause determination. United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994).

We have reviewed the record and agree with the district court that the magistrate had a substantial basis to conclude that probable cause existed to support issuance of a search warrant of Dinkins' residence. Therefore, the district court did not err in denying Dinkins' motion to suppress the evidence discovered in the search.

Dinkins also challenges the denial of his motion to suppress an incriminating statement regarding his ownership of the firearm, claiming he was not advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). However, the district court found credible the testimony of two arresting officers that verbal Miranda warnings were issued prior to Dinkins' statement.

We defer to the district court's credibility determinations, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted). We have

3

reviewed the record, and conclude that the district court's credibility findings are not clearly erroneous, and that, construing the evidence in the light most favorable to the Government, the court did not err in denying the motion to suppress the contested statement. Although Dinkins argues on appeal that his claim is supported by the lack of a written waiver, a written waiver is not required under Miranda. See North Carolina v. Butler, 441 U.S. 369, 373 (1979).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4