**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4789**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

SHEIK NAIEEM TRICE,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:13-cr-00034-GEC-1)

Submitted: June 29, 2015         Decided: August 4, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant. Anthony P. Giorno, Acting United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheik Naieem Trice was convicted of conspiracy to possess with intent to distribute more than 100 grams of heroin, 21 U.S.C. § 846 (2012), and possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1). He was sentenced to 151 months on each count, to run concurrently. Trice now appeals, raising three issues. We affirm.

I

Trice contends that the district court erred when it denied his motion to suppress evidence seized from a residence pursuant to a search warrant. "In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Green, 740 F.3d 275, 277 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014). If the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

To comport with the Fourth Amendment, a magistrate issuing a search warrant must find probable cause based on "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit [supporting the warrant,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S.

213, 238 (1983). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." Maryland v. Pringle, 540 U.S. 366, 371 (2003). "For that reason, in reviewing the sufficiency of a supporting affidavit, we avoid applying hypertechnical scrutiny." Owens v. Lott, 372 F.3d 267, 274 (4th Cir. 2004) (internal quotation marks omitted). We accord great deference to the magistrate's probable cause determination. United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994).

In the affidavit submitted in support of the search warrant, Detective Kelly Jennings stated that he received information from a confidential informant (CI) that Trice was "in possession of heroin, available for sale, and was staying at the address to be searched, with Morgan Nicole Sander . . . [,] the main tenant of the residence." Jennings stated that the CI gave him Sander's name and address and identified her vehicle and its license plate number. Jennings corroborated this information by researching DMV records, showing a photograph of Sander to the CI, and observing Sander at the residence in the vehicle described by the CI. Jennings also observed a male matching the CI's description of Trice in Sander's vehicle.

The CI informed Jennings that Trice would be conducting a heroin transaction at a certain location at a specific time.

Trice showed up as forecast and entered a vehicle that arrived at the location. When officers confronted Trice, no narcotics were found. However, Trice was arrested for attempted robbery.

Jennings then met with the CI, who had recorded a phone conversation with Sander regarding Trice's arrest. Jennings stated in the affidavit that he listened to the phone call, in which Sander stated that she was afraid to return to her residence because "all that shit is there." Jennings said that he believed this was a reference to heroin that Trice had stored at Sander's residence.

We conclude that the affidavit established probable cause to believe that heroin would be located at the Sander residence. Jennings corroborated the CI's information about Sander-- specifically, where she lived and what car she drove. Further, a practical and common-sense interpretation of the recorded conversation between the CI and Sander reasonably would lead to the conclusion that heroin would be found at the Sander residence, where Trice, a heroin dealer, was staying.

II

Prior to trial, the Government filed a notice stating its intention to introduce as Fed. R. Crim. P. 404(b) evidence two of Trice's prior drug convictions: a 2003 conviction for possession with intent to distribute marijuana; and a 2012 conviction for conspiracy to distribute heroin. Trice filed a

4

motion in limine to exclude the evidence.  After argument, the court excluded the evidence of the 2003 conviction because it was remote in time and involved marijuana--not heroin.  The court denied the motion as to the heroin conviction.

Trice claims that the district court's ruling was erroneous insofar as it related to the 2012 heroin conviction.  "A district court's determination of the admissibility of evidence under [Rule] 404(b) is reviewed for . . . abuse of discretion." United States v. Penniegraft, 641 F.3d 566, 574 (4th Cir. 2011).

Rule 404(b) prohibits the admission of evidence of prior bad acts solely to prove action in conformity therewith.  Such evidence may be admissible, however, for other purposes, such as "'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (quoting Rule 404(b)).  For such evidence to be admissible under the Rule, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable."  Id.

"Evidence sought to be admitted under Rule 404(b) must also satisfy" Fed. R. Evid. 403.  United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008).  "Rule 403 only requires suppression of evidence that results in unfair prejudice--prejudice that damages an opponent for reasons other that its probative

value, . . . and only when that unfair prejudice substantially outweighs the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks and alteration omitted).

We hold that the district court properly permitted introduction of the 2012 conviction. The evidence was relevant to an issue other than character because it tended to show that Trice, as a convicted drug dealer, had knowledge of the drug trade. The evidence was necessary to show intent and lack of mistake. Further, the evidence was reliable, as it consisted of a copy of a certified judgment from a New Jersey state court. Finally, the evidence, presented as a stipulation at the beginning of a trial where there was abundant evidence of Trice's drug dealing, was not overly prejudicial.

III

Trice contends that he was improperly found at sentencing to be a career offender. Having reviewed the record, including the presentence investigation report and the sentencing transcript, we are convinced that Trice had the requisite prior felony convictions and otherwise qualified as a career offender. See U.S.S.G. § 4B1.1(a) (2013). The district court properly relied on certified judgments from New Jersey state courts reflecting Trice's prior felony drug convictions. We discern no error in the court's conclusion that Trice was a career

6

offender.  See United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015) (stating standard of review).

                                IV

    We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                  AFFIRMED