DAVIS, Senior Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion’s holding that the district court clearly erred in finding that Investigator Welch did not intentionally or recklessly omit from the warrant affidavit the circumstances surrounding the informant’s attempt to steal twenty dollars from the funds provided by the Sheriffs Office to make the controlled buy. For the reasons stated by the district court, however, I cannot join in holding that the omitted information was “material” and therefore that its absence defeated probable cause to search the Lull residence.
Magistrates and judges, state and federal, know from experience and common sense that drug abusers who cooperate with law enforcement officers are notoriously unreliable human beings, burdened as they typically are with barely manageable affronts to their inherent human digni *121 ty, including but not limited to addictions, debts incurred to service those addictions, and criminal convictions, all coupled with dissolved and dissolving family and personal relationships. Investigator Welch should have disclosed the informant’s post-controlled-buy arrest and the reasons for it; as the majority opinion cogently explains, his excuse for not doing so cannot be credited. But even if he had made the disclosure, no judge with experience issuing warrants would have refused to issue the search warrant in this case. Cf. United States v. Allen, 960 F.2d 1055, 1057 (D.C. Cir. 1992) (holding that an informant’s controlled buy of crack cocaine constituted probable cause for issuance of a search warrant), cited with approval in United States v. Clyburn, 24 F.3d 613, 618 (4th Cir. 1994).
Respectfully, I dissent, in part.